First case this afternoon of the consolidated cases Numbers 4 dash 18 dash 0 0 3 2 4 dash 18 dash 0 4 2 3 4 dash 18 dash 0 4 3 2 Enray the estate of Gaudio For the appellant is attorney Daniel Jones Good afternoon For the appellee cross appellant is attorney David Krauss my pronouncing that correctly. Yes. All right. Thank you And for the appellees from John Pearson All right. Good afternoon. Mr. Jones. Are you ready to proceed? I am you might The honors may it please the court My name is Daniel Jones and I represent the former independent executor Helen Gaudio in these proceedings And I know we have several appeals in several cases here and I know our times limited so I'm trying I would like to focus most of my time here in the first part about the issue of the removal of Helen Gaudio as the as the First issue that has come before the court is what the standard of review is and your honors the standard of review here is a DeNovo one in general the trial courts decision to remove an executor Is decided under a manifest way to the evidence standard. However, the the bird case which everybody quotes extensively in their briefs Does tell us that when a decision to remove an executor involves a question of law? The standard of review is DeNovo and the bird case specifically tells us that in order to determine the appropriate standard of review We must simply we must not simply look to the type of ruling being applied But we must analyze the contentions made by the parties and it's important as we look at the transcript and review this case About think about the reasons why we have a manifest way usually standard and that standard is to give great Deference to the point when the trial court Is able to weigh evidence look at the witnesses Judge credibility and make those types of determinations that are best made in a live setting And in those cases when those issues are very important. It's important to give some deference to the lower court But here the proceedings in the way they happen show that this case was decided as a matter of law Helen Gaudio certainly didn't get a trial in this case. There were no witnesses or even Affidavits presented to the lower court. There were only four documents presented to the court a letter The will of Earl Gaudio the trusted issue and the timeline presented presented by one of the parties and so these are all things that this court is certainly capable of examining and Determining what happened and what should happen in the future? So the reasons that we generally apply manifest weight standard do not apply in the case here This issue is determined as a matter of law by the lower court, and it should be subject to a DeNovo review by this court When the Transcript of what happened in this case is examined lower court only made a determination that Helen Gaudio has a conflict of interest as the trustee of the trust and as the executor of the estate There is no finding anywhere in the record that Helen Gaudio has interfered with the objective administration of the estate Which is the standard the court has to use here? it only finds that The Helen has a conflict of interest between her duties as the estate representative and her personal interest as the surviving grants were under the trust There's nothing in the findings of the record to support the idea that Helen took any action or any inaction After her appointment showing that she harmed the creditors of the estate The trial court's order is premised solely upon the existence of well isn't it their argument. She did harm Creditors because she's failing to Gather all of the assets for the estate Which would of course include the trust assets it could include trust assets your honor But again the trust is something that's separate from the estate. It's Helen's position that that is a separate thing the only Way that that can ever have trust assets as part of the estate is if mr.. Offits fraud claim is Found to be successful, but that hasn't even started on that part of it yet, your honor We don't know all there is out there is an allegation of fraud And so to suggest that Helen as the executor has a duty to engage Well, it would be fair to say then based on what you just stated Nothing is going to happen with this estate until there's a determination on the fraud in Whether there's a signature Post signing on the note I think that's fair judge, and that's true for several reasons one is that these parties were all involved in litigation before Earl passed away To the funds are at the bank She's not the trustee The funds are at the bank and are going to stay at the bank the bank has said we're not turning them over and Helen's not Opposed that while we go through this process And then finally you know both of these parties have made claims in the estate which will have to be offered Okay, I believe for purposes of right now. What difference does it make to the executor well the Importance is the the wishes of the testator your honor and Earl Gaudio wanted his wife to a be the part of this trust and she all and he also wanted her to be the administrator of her estate and that shouldn't be Taken lightly or sort of say well. You know nothing will happen bad anyway, so anyone can do it This this is not what the testator wanted in fact Helen's duty as the executor or any Executor is their primary objective is to Find in and honor the obligations of the the wishes of the testator and so you know Earl Gaudio's voice shouldn't be lost in all Of this is it your position in regards to the other action remain pending that a trial court cannot remove an executor Prior to a final adjudication and that other proceed No judge, it's not our position at all the the it is our opinion that the executor cannot be removed for things that were known at the time of the appointment of the executor barring some sort of Action taken later by the executor to to show some sort of malfeasance or something like that When in the case like this all of the things that gave rise to the conflict of interest were known Then case law and and the Supreme Court rules and the Illinois Code of Civil Procedure are all clear that you have 30 days from the appointment of the guardian or the executor excuse me to file some sort of petition to remove and once those 30 days pass the trial court lacks jurisdiction to remove the Executor for reasons that everyone knew about him everyone knew about this conflict before mr. Offit filed suit against Earl before he passed FMV drafted the trust document they all knew what was going on here, and do you know they all waited till over a year after? Helen was appointed as guardian or it keeps saying guardian forgive me as executor Before they filed anything to try to object to her proceeding as the executor and so they knew of this potential Interest and they didn't act on that in pursuant to Supreme Court rule 304 b1 and Rule 2-1 and 2-2 1203 of the Illinois Code of Civil Procedure That issue has been waived and so the only actions They trial court found that gave rise to this conflict for all things that everybody knew about way before Earl passed away And so as such anything Based on what happened prior to her appointment has been waived yes Well counsel that's not obviously the position the trial court took right and he Specifically stated that this didn't relate to her initial appointment But instead related to the fact that there is a conflict basically her handling After being appointed and that she was not pursuing that asset with respect your honor. I disagree with that He did not say that at all. He said there is a conflict of interest which compels for removal as the executor He did not make any findings that she had taken any action or inaction since her appointment that had harmed the estate Well when I say that's what the trial court said was may have been doing argument But didn't the trial court mentioned the fact that this didn't relate to the initial appointment. I Don't think I am I may be wrong to your honor, but I don't know if there's any place in the record where The judge made a finding that she had taken any action To say that it may not have been a finding in the order But I believe when the parties were arguing this and the argument was made that wasn't timely that the trial court commented on the fact that well aren't you pursuing this in terms of the action she's taken and failing to pursue the Asset versus when her initial appointment took place and that may have happened in the back and forth your honor Certainly going to be corrected on that however that the order that gets entered Does not speak of any action on her part which is required that she took any action to interfere with the objective Well, what will this new executor do differently what your clients? Should I'm sorry what should what this new executor? What is it? I think it's a Jim Jim Brower Well it won't be him because he's had to resign because of his own conflict of interest okay, so the new executor I'm trying to figure out. What is the new executor going to do differently than what your point? I have no idea than waiting for the court to rule on Whether that guarantor that note was a valid Was valid pursuant to their position. They had the new Executor or administrator is going to have to accuse Earl Gaudio of fraud Because that's what they want here, and that's the only thing that would satisfy Say that again They're going to have the new administrator is going to have to take their position That Earl Gaudio engaged in a fraud in creating this trust And I don't know how would that fulfill the wishes of the testator? I don't think it would and again. It's not a basis to remove Helen as the guardian Executor of this estate What would they have to do differently that's the only thing they can do because that's the only thing that gets money out of the trust Account funds and puts it back in estate funds where Mr.. Offer look at you know without a court order anyway as I understand I'm sorry what they cannot do that without a court order anyway, and I understand it correct, okay? So I don't know what else anyone could do as the executor again. It's certainly nothing Helen could have done She she did not take any action opposing any claims made she hasn't done anything to oppose those claims They will work themselves out through the system Okay, well she did go through the normal probate Petition for letters she's published she filed the certificate of publication She did all of those things Affidavit of dearship the order designating the airship. She did all those things. She didn't love those things and Even and there was no objection by anyone even after most both off it and the bank File claims against the estate they wait months and months even after that before making any sort of claim that she shouldn't be executor And did she attempt to move the assets? She the trust the terms of the trust state that once one of the Creators passes away, and it was passed away the other remaining creator can and do ask for the trust assets And she did that The bank has refused the bank has continued to refuse and then we have a lawsuit on her hands, and that's fine We'll Work that out through the court system, but again. She maintains that trust assets are different than estate assets And she has that right that doesn't mean she has some sort of conflict of interest Then it also means she has acted in a negative way towards the estate required under our case law well in one Scenario she gets the funds in the other scenario the estate gets the funds right that's the result yes So doesn't it put her in an awkward position? Does she take action that will lead to her getting the funds or as Executor of the estate that she take action that will allow the funds to go to the estate Your honor it requires more than an awkward situation. I would submit to a conflict out. I'll switch out my words there And the kind of requires more than a conflict the conflict happens, I would submit every day across America beneficiaries of trusts are Executors of wills that happens all the time And there are conflicts of interest that are built in we don't agree that there is a conflict here But if there is one it requires More than there being a conflict trial court found there was a conflict There's got to be more there's got to be some sort of action taken and the words the case is used is that she engaged in activities that harmed the Administration of this of this Statement she has not done that there is no findings to be made She is certainly not required to accuse her late husband of fraud or take that position before the court There's no authority that says she has So that happens all the time that that idea of a conflict between the Beneficiary of trust and the executor when they're the same person, but we require more than that possibility Yeah, we require some sort of interference with the objective administration of these statements I asked you earlier whether or not there needed to be and if your position was there first had to be an adjudication Southern claim You said no But you just said that there have been no findings And I'm assuming you're meaning findings by the court, right? So in you know short of an adjudication of some sort, how would there be findings made? well that the the cases tell us and the probate act requires that there be an evidentiary hearing and that There there is some sort of chance for Helen to come in You know have a defense about that side of the court raise evidence credibility of the witnesses and Makes a determination, but in order to get to that part of it. You still have to go through the requirements of Illinois Supreme Court rule 304 B and the requirements of section 2-12 Oh three of the Code of Civil Procedure Which require that within 30 days you have to have objected to the appointment So if we get past that and we have a hearing that there is supposed to be a hearing a citation supposed to be an issue 23-3 of the probate code and then the court is allowed to make a determination based on the 10 enumerated factors in section 23-2 of the probate code to state what violations occurred that Justified the removal of the executor and that didn't happen No citation was ever issued There was certainly never a finding by the court that one of those 10 enumerated factors was ever violated Helen doesn't know we don't know as we stand here today, which of the 10 the judge is choosing we think it's number 10, but we don't know that. Is the trial court required to specifically state which factor The statute says that it has to be one of those 10 factors and that has been Interpreted to mean that all it must be one of those 10 factors But my question is is the trial court required in its order to identify specifically which factor upon which it relies You have a case I don't understand here I don't but you know I think the reasoning for that though is so that the executor will know which one of the 10 Reasons they are accused of violating and which ones they violating so they will know going forward, but We don't know that here today because the judge didn't do that So as we we stand here again is our position of 304 B Was waived their 304 B required them to file within 30 days. They didn't do that. They waived that That the executor is not required to Accuse her husband of fraud there's certainly no case law that requires that And that statutory basis under 23 2 and 23 5 We're not filed now. We think that the ruling was based on factor number 10 when there is good cause but That's not been enumerated It's it's a catch-all phrase that really can't save these motions because there's never been a finding that she interfered with the effective administration of this estate and so as we read the cases and There all kinds of fact patterns here about from the administration of Chicago Bears to Legal malpractice claims all kinds of things that we get cited here, but they all come down to the same thing Was there a demonstration and a finding that there was an interference with the objective administration of the estate There was no such finding made here. There was no proof offers to that effect. There were no witnesses. There were no affidavits There's nothing to show that the Executor did anything here to interfere with the objective administration of the estate But also what we learned from the house and the Benak cases is that when an executor creates a situation Then there should be some deference given to that estate if you look at the house case The court ruled that there was no Nothing there to make the administrator be Terminated because he had not done anything to take a negative action against the estate Same thing in the Benak case where the the decedent had created a conflict And there was no showing a bad faith on the part of the executor there were Funds that belonged outside of the estate and funds that belong to the estate just like the case here Court found there was no problem. I see that my time is up good For you, what about the Phillips case Well the Phillips case is a case where? The executor actually had three hats. He was the executor He was the trustee of the trust and then he was an officer of the corporation and shares were owned by the trades trust And what the court found there was that the executor failed to collect on debts that were owed to the corporation And his excuse was well the Corporation corporation even money more than wife did essentially and so and the court Tells us the test is not whether a conflict exists in Phillips But whether the conflict interferes with the objective administration of the estate and Phillips in that case involves one an administrator That was appointed after it was not named by the seat was appointed later. It was somebody other than the seeds choice It addressed post appointment conduct There was a full evidentiary hearing in Phillips and the case from the word go judges say this is a case about section 23 dash 210 which is whether this was other good cause for removal that's the entire analysis by the court and the case addressed with great specificity the the basis for the removal and By using that this standard the court said yeah this interferes with the effective administration of the state none of those things happen here There's no findings There has been no action by Helen to interfere with the effective administration of the estate So the test from Phillips is correct. The result I think was correct in Phillips, but that's not our set of facts Thank you for your time Counsel For the Apple a's is my agreement that you're going to be splitting your time ten minutes a piece and who wishes to go first Alright mr. Pearson Thank you May it please the court and counsel My name is John Pearson here to argue on behalf Office Judge there are judges there are several issues that I would like to address, but I will start with the standard review Counsel has stated that this should be at the Novo Standard because it's a matter of interpreting law and not interpreting fact. I would argue That is the opposite of what's going on here the trial court was called upon to interpret facts in this case to interpret what has done and also very significantly what has not been done by Helen Gaudio in a role individually and her opposed role as the executor of the estate of Earl Gaudio The evidence that was presented to the trial court was the existence of these trusts and The will of And a letter That Helen sent to the bank trustee Attempting to collect the entirety of this asset for herself The judge was then called upon to interpret is this a conflict of interest does the fact that Helen's Position as executor is a very different one to Helen's position individually Does that rise to the level of a conflict and then does that rise to the level of a conflict that interferes with her ability to objectively administer this estate Argument is the judge interpreted those facts and did so correctly and found yes, it's a conflict Yes, it has interfered with her ability to objectively administer the estate now the Judge's interpretation of those facts Should be reviewed by the court on the manifest way of the evidence standard and not at the no-go stand This is an issue where the court was called upon to interpret statutes or case law this judge was interpreting facts that were presented and We argue he did so correctly The standard that opposing counsel would have you apply here Should not be applied Because basically that would create a rule where anytime a judge has to look at a statute or look at a case law Now boom we're into a no-go review, and that's just simply not the rule. That's what they're asking you to apply Moving on to the 30-day time limit argument Your honor's question counsel regarding the trial courts statements During arguments at hearing on this matter in the second volume at page 21 appears the exchange between The court and myself During that argument the court says is it the basis for the concern by the other parties in this case? Not the original appointment But the fact that there hasn't been anything done since the appointment to proceed after this potential asset I Replied yes, it is That's really the issue here The third all counsel's argument. There's really nothing to do It's under litigation Until a judge makes a decision as to whether those assets go into the appropriate state There's nothing for the executive to do anyway isn't that the argument being advanced by opposing counsel That is the argument that of course. Why doesn't that make sense I? Disagree with that position for a couple of reasons okay first of all This kind of ties into another argument first of all essentially They're saying the only thing that we could do here is accuse him of fraud accuse Earl the decedent of fraud I'd take issue with that. I don't believe that's the only action that could be taken by the executor Really what we're looking for is an executor who can? objectively determine what to do about this asset and Do something do something to recognize this is a potential asset of the estate and go after it however He or she objectively chooses, okay? Let me stop here. I thought there was already a Lawsuit file to make that determination So the executor is not going to be able to do anything until the judge rules Is he or her? the executor could Weigh in in that loss the estate is a party to this conjoined litigation the executor can take a position on Whether or not this potential asset should be an estate asset or should be Helen Gaudio's asset. It's our contention She can't do that objectively when she's wearing both hats She can't decide how do I want to weigh in on this issue before the trial court in these other conjoined litigations? when it benefits her to simply stick her head in the sand and Do nothing and hope all these other litigated matters come out in favor of? Herself in her individual capacity not herself in parole as executive So we want somebody in there can make an objective determination what to do in this case, okay, let me stop you there Didn't Earl before he died Take the position that he didn't owe your client The money that your clients clean is over. Yes. Well now how could the executor of his estate? As according to you would take a position Against Earl Because Earl's already said he doesn't think before he died already set up. I Don't think that I owe them, but you're saying the executor would go against the testator and not necessarily As the testator, but as the grantor of the trust I Have a hard time following that I Trust We have challenged both of those Both of those are at issue, but I believe there are two separate issues the issue regarding the trust asset involves the claim that there was a Transfer made in this new trust to defraud predators so that it would not have to be paid out to the creditors The issue of whether he actually owes that money to off it under the guarantee is a separate issue from whether he transferred that money fraudulently and the issue of whether he actually owes that money to Offit could be determined through our litigating our estate claim in the probate matter. No action has been taken regarding that either But one of the issues before the court and consolidated cases is whether there was this fraudulent transfer from old trust in the new trust to avoid predators the Executor in her individual capacity has said no way definitely not But the executor in her executorial capacity Has not been able to objectively determine how the estate should weigh in on that issue She can't because it impacts her financially to a significant degree This being the most significant asset and possibly only asset of the estate so it benefits her to do nothing take no action and Hope in these other cases that the judge finds it ought to be her asset And for that reason she cannot objectively administer the estate and Counsel brought up the fact that we're asking her to claim fraud. No, we're not asking her to go out and levy a fraud claim We're asking her to objectively determine how to proceed that could be done with the court's guidance that we got the filing of motions a Myriad of various pleadings including a petition for guidance from the court as to what to do regarding this asset or a citation to recover Yes, so I'm clear before you lose You're out of time. What is the new executor going to do differently than what she did when she was the executor? Decide objectively how to pursue the asset and that may be Filing some sort of pleading in the consolidated cases. It might be taking some action within the probate case but most importantly Objectively determining do we want to go after this as an estate asset or not? Thank you very much. All right. Thank you. Mr. Krause Justices, my name is David Krause, I represent First Midwest Bank in this case. Justice Turner, just to address the concern you had is The question really is is anyone fighting for the estate in this case and the estate isn't just Mr. Offit Helen Gaudio has a co-legatee and that's in the record. The co-legatee is Earl's daughter, Earlene So to what extent I mean Someone needs to fight for the estate for the benefit of everyone who would take under the estate including the co-legatee Earlene Now my client has a claim. Earlene can't give her own counsel She can't. Or act pro se on her own behalf. She can but what I'm just saying is that to me the job of the Executor of the estate is to collect all estate assets on behalf of creditors Co-legatees, etc. Earlene certainly can do that if she chooses, but she has the right under our law to rely on the executor That's what the executor is supposed to do And so when you ask what would the executor do or a different administrator, a different administrator would fight Fight for the estate. Now at page 38 of our brief I refer to the various pleadings that she has filed in this proceeding involving the removal She filed a response to our motion in July of 2017 well after the appointment and she denies that the assets in the trust account are the assets of the estate She's the executor. Is that what an executor does? There's been no court determination She didn't file a motion Or a inner pleader or a declaratory judgment action. She just says it's all mine Okay, and then she files another pleading well after the appointment in August of 2017 and she says the trust estates Trust assets the bank discusses are not part of the decedent's estate. So again We have an executor without any guidance from the court saying it's all mine It doesn't go to the estate and that's why she cannot be the representative of the estate And then she goes on again in October of 2017 again While Miss Gaudio in her individual capacity has sought trust assets The trust is not an asset of the estate and at the record there is is C-90 so She it's not just inaction. It's not that she's not even trying for the estate She's actively fighting the estate and she can do that in her individual capacity But she can't do that when she has a fiduciary duty the estate so What a new truly independent? Administrator would do and that's why judge appointed. Mr. Brower who of course subsequently had to withdraw at least The estate will have a fighting chance at least the creditors will have a fighting chance at least Perlino have a fighting chance to get something from these estate and she has no fight none of those parties have a fighting chance When Helen Gaudio is saying it's all mine They don't have a fighting chance and they filed lawsuits Which if they win? Would work to their advantage in getting the money. So I understand. How do you make that argument? File the lawsuit or the cold entity has no idea if he has not filed a lawsuit But again, we have this litigation. We kind of call the consolidated cases in our briefs well As I recall Helen is both a party in two capacities in their individual capacity and in their past as the estate and she's not fighting for I mean someone needs to take the position and fight for the estate in the consolidated cases and Helen's not doing that In fact, she's fighting against the estate and that's all we're saying in this case The judge trial judge was right. You recognize there was a problem. She didn't step down on her own She could have stepped down Recognize the conflict she didn't so the court removed her and I think it was well within The manifest way to the evidence now, we certainly agree with what the trial court did but certainly if you disagree with us If you disagree with the trial court did you can as an alternative you can I believe reverse the trial courts denial of our motion for a special administrator That I think is the very least that that should be done in this case I think the trial court did that because the trial court felt there was no point in it counsel Is this case really just about whether the 2011 trust is valid or the 2012 trust is valid? A lot of it is that there's a lot of other Issues involved in it as well. There's a lot of other pleadings, but certainly that is a factor that That is involved and that's something that I think counsel for how audio says this happens all the time well, there there might perhaps there are folks who are trustees and Executors at the same time that happens all the time, but this is unique We have someone challenging the trust and once that happens, it's not like a garden variety situation at that point Someone has to protect The estate and no one's doing that So you're saying basically the case is relied upon by opposing counsel don't involve situations where there are? allegations of failure to pursue an Asset that if not pursued will go to the executor, correct? Okay, it's true and also I think counsel have mentioned the house case And that has that that house case heading and we've cited it had incredibly broad exculpatory provision, but if But even not withstanding the exculpatory provision house If this is that page 349 of the house case the court a public court said accordingly We conclude that George house breaches fiduciary duty when he failed to give notice of the reorganization So even in the house case that they rely on and had this broad Exculpatory provision the court still said that that it was There was a breach I think the bottom line here is that I think the court you you have I think the authority to overrule And reverse the trial court on the issue of the special administrator We don't believe that's necessary because we believe it more more appropriate to affirm a trial court's decision But I think it's clear if you look at the Burrell Supreme Court decision that we cite That at that time Supreme Court did approve the appointment of a special administrator Counsel in their brief they cite some statutes They say can only equally the special administrator under XY and Z those Statutes that was not the case in the Burrell case in the Supreme Court Burrell case the court appointed a special administrator because there was a conflict and Appointed a special minister to deal with the trustees report and executors First first report the statute I rely in this section 25 20 285 of the the probate that court it says probate statute rather it says at any time a Interested party can file a motion before the trial court for any matter to remain to the estate and clearly a Interest a change of representative is a matter that is within The meaning of that that's an incredibly broad Provision there's not much case authority under it, but I don't know if there needs to be much case authority when you have language That that's that broad I can't imagine anyone drafting anything counsels that your position that the 2011 trust Says That the trust assets will become assets of the probate estate because I don't see that in there is that your position I Believe I believe the first trust talks about being distributed pursuant to the will of yes, that's what I read to Distributed pursuant to the will in other words you would look to the will to see where it's going to be distributed But it doesn't say that the trust assets become assets of the probate estate and that seems to be what everybody's arguing that that 2011 trust says but because the will was probated it would be going to the co-legatees after the payment of the various If it was if it went into the probate estate That's not the trust says so correct But it was says it would be distributed pursuant to the will and the will was probated So I would expect it would go into the probate estate Okay, that does not appear to be an issue that I find it interesting myself, but all right. Thank you one last point I don't think anyone's addressed. There's this we have three appeals here and two of them were the Requests for stay of the trial for reversal to stay I guess my question or my request would be That you rule make that ruling as well and Basically reverse the stay in all these cases we know what's going to happen after your ruling it could go to the Supreme Court whether on an appeal or on a Request for a supervisory order, but I believe if you were to reverse the trial court on the stays at least We know we could make some progress Thank you very much Thank You counsel mr.. Jones for a bottle argument You Honor just briefly on rebuttal Helen Gaudio's primary duty is the executor of Earl Gaudio's Will is to affect the estate the the wishes of the testator if she does Anything besides that she is guilty of breaching her fiduciary duties now As as justice Turner has pointed out Earl has made his wishes clear He has executed a trust which allows Helen to withdraw those funds if she wants after he passes He has executed a will and if for for Anyone to come in and say I'm the administrator now And the first thing I'm going to do is go against Earl's wishes is a violation of those fiduciary Earl's made his intent clear and to say that she's going to come in and she's going to make this independent observation I think that's a little disingenuous come here before the court and saying we're not looking for the administrator to make an allegation fraud We're just looking for an objective Determination by the administrator That's the only chance they have of getting trust assets to them and so When you look at what has this been done? Helen has honored Earl's wishes. She's not done anything to interfere with the objective administration of this estate As far as some of the other issues that were raised As far as the special administrator is concerned we believe there are only three instances of the probate code where there is a Special administrator to be allowed none of them apply here There's nothing in section 28-5 of the probate code which allows this court to ignore Supreme Court Rule 304 be the Illinois Code of Civil Procedure And there's nothing in 28-5 that talks about the appointment of a special prosecutor so for a special administrator So we don't think there is any authority for this court to say that there must be a special administrator As far as the stay goes judges the stay is reviewed under an abuse of discretion standard, and that's the Standard that gives the most deference to the lower court here the court has made a determination based on its findings and its ability to manage its trial calendar that there should be a stay here because as the Byrd case tells us we could Go up have a determination come back down to the lower court in the meantime since there was no stay We've had assets distributed now. We're going to have to remarshal assets and Try and figure out how we do that The trial judge weighed all of that weighed all the arguments and said no we need To have a stay until we get this particular issue Worked out and under the abuse of discretion standard as long as there's a reasonable basis for that determination this court Is bound to accept that and all the cases that have been cited here They all come down to that was there a reasonable basis for the way the trial court ruled and if so The appellate courts always held up and held up the lower courts decision and said all right. We're going to Honor the lower courts decision about that special prosecutor so We would under that review we believe that there should continue to be a stay while these matters are pending The honors for all things we've talked about today, we'd request that this court Overturned the decision to remove Helen as the executor of Rogotio State Remand the case with instructions to allow Helen to perform those duties as the executor and to do so alone. Thank you very much Thank you Thanks to all counsel here the case will be taken under advisement and a written decision shall issue